|     |                                      |                                                    |
| --- | ------------------------------------ | -------------------------------------------------- |
| 1   |                                      |                                                    |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| JESSICA ALCALA, | ) Case No: 2:19-cv-01579-DMC |
| --- | --- |
| Plaintiff, | ) STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

On April 5, 2021 this Court issued an order reversing the final decision of the Defendant, Andrew Saul, the Commissioner of Social Security (Commissioner), and remanding for the immediate payment of benefits. 42 U.S.C. § 405(g) (sentence four); judgment was entered.

In the interest of administrative and judicial economy, the parties have agreed to stipulate that an award of FIVE THOUSAND SIX HUNDRED THIRTY-FOUR DOLLARS AND TWENTY-FOUR CENTS ($5,634.24) in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), is reasonable. This award is without prejudice to Plaintiff's right

to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. However, this award shall constitute a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and costs. Further, such award shall not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified.

After the Court issues an order for EAJA fees to Plaintiff, the Government will consider the matter of Plaintiff's assignment of EAJA fees to Harvey P. Sackett ("Counsel"). Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the ability to honor an assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA is entered, the Government will determine whether they are subject to offset. Fees shall be made payable to Plaintiff, but if the Department of Treasury determines Plaintiff does not owe a federal debt, then the Government shall cause the payment of fees, expenses, and costs to be made payable directly to Counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered and made payable to Counsel.

Accordingly, Defendant agrees to pay Plaintiff FIVE THOUSAND SIX HUNDRED THIRTY-FOUR DOLLARS AND TWENTY-FOUR CENTS ($5,634.24) in attorney's fees.

All parties whose signature lines appear in this document have consented to its filing. This award is without prejudice to the rights of Sackett and Associates and/or Harvey P. Sackett to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: May 24, 2021       SACKETT AND ASSOCIATES

/s/ *HARVEY P. SACKETT*
HARVEY P. SACKETT
Attorney for Plaintiff
JESSICA ALCALA

| | | |
|---|---|---|
| Dated: May 24, 2021 | | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | By: | /s/ ELLINOR RAVENEL CODER<br>ELLINOR R. CODER<br>Special Assistant United States Attorney<br>Attorneys for Defendant<br>[*as authorized by e-mail on 5/24/21] |

## ORDER

According to the parties stipulation, defendant agrees to pay plaintiff $5,634.24 in attorney's fees. The **court approves** the parties' stipulation. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall make payment of fees directly payable to plaintiff's counsel promptly.

This order resolves ECF No. 31.

IT IS SO ORDERED.

DATED: May 27, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE